IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TIMOTHY GERALD MILLIGAN, §
    Petitioner, §
VS. § CIVIL ACTION NO. 4:07-CV-251-Y
 §
NATHANIEL QUARTERMAN, §
Director, T.D.C.J. §
Correctional Institutions Div., §
    Respondent. §

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2254 of petitioner Timothy Gerald Milligan, along with the September 10, 2007, findings, conclusions, and recommendation of the United States magistrate judge. The magistrate judge gave the parties until October 1 to file written objections to the findings, conclusions, and recommendation. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the proposed findings, conclusions and recommendation of the United States magistrate judge filed on September 10, 2007. The Court concludes that the petition for writ of habeas corpus should be dismissed for the reasons stated in the magistrate judge's findings and conclusions.[1]

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

---

[1] On September 12, 2007, the clerk of Court received a letter from Milligan in which he complains of the conditions of his confinement at the Texas Department of Criminal Justice's Dick Ware Unit in Colorado City, Texas. As the Dick Ware unit is in Mitchell County, to the extent Milligan wishes to seek relief under 42 U.S.C. § 1983 for such complaints, he may file a civil complaint form in the United States District Court for the Northern District of Texas, Abilene division.

Respondent Quarterman's July 19, 2007, motion to dismiss [docket no. 14] is GRANTED.

Timothy Gerald Milligan's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.[2]

SIGNED October 12, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[2] A one-year statute of limitations is now applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. See 28 U.S.C.A. § 2244(d)(1-4)(West 2006). The statute of limitations is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C.A. § 2244(d)(2)(West 2006).